IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA D., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. 19-cv-04172 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lisa D.[2] filed this action seeking reversal of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) under the Social Security Act (the Act). For the reasons stated below, the Court grants Plaintiff's motion for summary judgment [16] and denies the Commissioner's motion for summary judgment [24]. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**I. PROCEDURAL HISTORY**

Plaintiff applied for DIB on July 5, 2016, alleging that she became disabled on July 5, 2016. (R. at 13). The application was denied initially and on reconsideration, after which Plaintiff filed a timely request for a hearing. (*Id.*). On April 30, 2018, Plaintiff, represented by counsel, testified at a video hearing before an

---

[1] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

[2] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name.

Administrative Law Judge (ALJ). (*Id*.). The ALJ also heard testimony from Matthew E. Sprong, a vocational expert (VE). (*Id*.). The ALJ denied Plaintiff's request for benefits on August 2, 2018. (*Id*. at 13–22).

Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 5, 2016. (*Id*. at 15). At step two, the ALJ found that Plaintiff had severe impairments of lumbar degenerative disc disease, obesity, and migraine headaches. (*Id*.). The ALJ found she had non-severe impairments of diabetes, empty sella syndrome, endometrial cancer in remission, recurrent vaginal abscesses, small plantar calcaneal spur, obstructive sleep apnea, left carpal tunnel syndrome, neck pain, depression, and anxiety. (*Id*. at 15-16). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the enumerated listings in the regulations. (*Id*. at 18). The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[3] and determined that Plaintiff has the RFC to perform medium work except she can occasionally stoop, kneel, crouch, crawl, and climb; frequently balance; and she can have no concentrated exposure to hazards (defined as work at heights or around dangerous moving machinery, like a forklift) (*Id*. at 19).

Based on Plaintiff's RFC and the VE's testimony, the ALJ determined at step four that Plaintiff was able to perform past relevant work as a payroll clerk, an

---

[3] "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008); 20 CFR 404.1545(a).

administrative clerk, and an office manager. (*Id.* at 21). Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from the alleged onset date of July 5, 2016 through the date of the decision. (*Id.* at 22). The Appeals Council denied Plaintiff's request for review on May 1, 2019. (*Id.* at 1). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Social Security Administration (SSA). 42 U.S.C. § 405(g). The Court may not engage in its own analysis of whether the plaintiff is disabled nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). "The ALJ's decision will be upheld if supported by 'substantial evidence,' which means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019) (citations omitted). Substantial evidence "must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citation omitted). In addition, the ALJ must "explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (internal quotations and citation omitted).

The Court accords great deference to the ALJ's determination, but "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (internal quotations and citation omitted). The deferential standard "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin,* 763 F.3d 718, 721 (7th Cir. 2014) (citation omitted). "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue,* 697 F.3d 642, 646 (7th Cir. 2012) (citation omitted). Reversal and remand may be required "if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin,* 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted).

### III. DISCUSSION

In her request for reversal or remand, Plaintiff challenges the ALJ's (1) RFC finding; (2) evaluation of Plaintiff's migraine headaches; (3) assessment of the treating physician opinion; and (4) review of Plaintiff's subjective allegations. The Court agrees with Plaintiff that the ALJ erred in her analysis of the treating physician opinion, Plaintiff's subjective allegations, and migraines.[4]

---

[4] Because the Court remands on the grounds described, it need not address Plaintiff's other arguments at this time.

**A. Treating Physician**

The ALJ gave "no weight" to the 2018 opinions of Plaintiff's treating physician Dr. Joseph Matheu. (R. at 21, 640-41; Exhs. 10F, 11F). Plaintiff argues that the ALJ's reasons for this were insufficient. Since Dr. Matheu was Plaintiff's treating doctor, the ALJ had to provide a "sound explanation" for discounting his opinion. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011); *see also Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (ALJ must "offer good reasons for discounting" opinion of a treating physician) (internal quotations omitted). A treating physician's opinion is entitled to controlling weight if it is well-supported by medical findings and not inconsistent with the other evidence in the record. *See Gerstener v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018).[5]

The regulations require the ALJ to consider a number of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See* 20 C.F.R. § 404.1527(c). As the Seventh Circuit explained recently, although the ALJ need not explain how every factor applies, it is also "not the case…that any reason, if minimally articulated, automatically justifies the ALJ's discounting of a treater's opinion. The ALJ must still support his conclusions with 'substantial evidence,' and in the context of rejecting a treater's opinion, must provide 'good reasons.'" *Stocks v. Saul*, 844 F. App'x 888, 892

---

[5] The Social Security Administration modified the treating-physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c. The new regulations apply only to disability applications filed on or after March 27, 2017. See 20 C.F.R. § 404.1527. Given the filing date in this case, the ALJ was required to apply the former treating physician rule.

(7th Cir. 2021) (citation omitted). In giving no weight to the treating doctor's opinions, the ALJ focused on what she believed was a lack of support in Dr. Matheu's own records for his opinions and Dr. Matheu's lack of specialty.

In particular, the ALJ discounted Dr. Matheu's opinions because he did not say what the alleged medical conditions were that would prevent Plaintiff from working; Dr. Matheu's examinations "did not reveal symptoms or limitations consistent with his form opinion"; minimal examinations were performed and only a few had abnormal findings, and none were consistent with the limitations noted; Dr. Matheu "is only a primary care physician, and not a specialist"; and finally, the ALJ stated that a finding of disability is reserved for the Commissioner. (R. at 21).

According to the ALJ, the examinations in Exhibit 9F did not reveal symptoms or limitations consistent with the doctor's opinion. But that exhibit is a 78-page document containing medical progress notes over the course of six months. The ALJ did not specify which examinations she relied on to determine they did not reveal certain symptoms or limitations. Nor did the ALJ identify which symptoms and limitations were not documented. In noting "minimal" examinations were performed, the ALJ did not say what the number was or why it was considered minimal. Overall, the ALJ did not discuss the length, nature, and extent of the treatment relationship between Plaintiff and Dr. Matheu.

In addition, the ALJ cited certain examination results but also ignored others, and did not explain why certain findings were not supportive of the limitations identified by the doctor. (*see* R. at 21). *See Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994)

(ALJ may not "select and discuss only that evidence that favors his ultimate conclusion."). For example, exam results noted, among other things, that Plaintiff had "paresthesia present in left hand, also has left arm pain", "pain left side of neck", "trigger point tenderness left side of neck", "pain with palpitation over the plantar surface of her heal", "tingling present when pressing her left medial carpal tunnel," and she wore a CTS (carpal tunnel syndrome) splint on her hand during the day and night. (R. at 563, 571, 580, 591, 604).

Thus it appears that the ALJ made her own conclusions about what the examinations showed as it related to Plaintiff's symptoms and limitations. *See Moon*, 763 F.3d at 722 (ALJs should avoid the "temptation to play doctor and make their own independent medical findings.") (citations and quotations omitted); *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018) (ALJs must rely on expert opinions to determine significance of particular medical findings). At a minimum, the ALJ's cursory explanation leaves the Court unable to determine if it was correct to conclude that Dr. Matheu's opinions about Plaintiff's limitations were unsupported by the doctor's own examinations and notes. *See Spicher v. Berryhill,* 898 F.3d 754, 757 (7th Cir. 2018) (ALJ required to build an accurate and logical bridge from the evidence to his conclusion); *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021) ("It is not a court's role to displace an ALJ's judgment by making our own findings about the facts, but we cannot uphold an administrative determination that failed to explain the outcome adequately.").

Further, the ALJ broadly stated that Dr. Matheu "is only a primary care physician, and not a specialist." Given the wide range of Plaintiff's severe and non-severe impairments, it is not clear what specialty the ALJ believed would have made Dr. Matheu more credible. Further, as Plaintiff points out, the agency doctor findings, to which the ALJ gave great weight, preceded Dr. Matheu's notes and opinions. *See Childress v. Colvin*, 845 F.3d 789, 792 (7th Cir. 2017) (correct to give non-treating doctors little weight who did not have access to plaintiff's full medical record).[6] And while the Court agrees that Dr. Matheu's March 2018 letter does not specify the medical conditions he was referencing, which may have warranted not giving the opinion controlling weight, the ALJ did not explain how this fact contributed to giving Dr. Matheu's opinions *no* weight.[7] Finally, it is true that the disability determination is reserved for the Commissioner but "a medical opinion that a claimant is unable to work is not an improper legal conclusion,…ALJs must consider medical opinions about a patient's ability to work full time because they are relevant to the RFC determination." *Lambert*, 896 F.3d at 776.

---

[6] The ALJ did not expressly cite the state agency medical consultants' opinions as undermining Dr. Matheu's opinions, though those consulting opinions alone would not provide sufficient reason to discount the treating doctor, either. *See Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) ("A contradictory opinion of a non-examining physician does not, by itself, suffice as a justification for discounting the opinion of the treating physician.").

[7] With this issue and the others discussed in this opinion, if the ALJ found evidence to be insufficient, "it was her responsibility to recognize the need for additional medical evaluations." *Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021), as amended on reh'g in part (June 21, 2021) (cleaned up). *See also Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011) ("[i]t is true that [claimant] bears the burden of producing evidence of her impairments,..but she did produce evidence in the form of her own testimony as well as medical evidence… it was [the ALJ's] responsibility to recognize the need for additional medical evaluations.").

For all of these reasons, the Court finds that the ALJ failed to offer good reasons for discounting the opinion of Plaintiff's treating physician. *See Cullinan v. Berryhill*, 878 F.3d 598, 605 (7th Cir. 2017) (inadequate evaluation of treating physician opinion required remand).

**B. RFC and Subjective Symptoms**

While the ALJ found Plaintiff's migraine headaches to be a severe impairment, the ALJ did not account for migraines in the RFC and instead explained only that they were not "totally work preclusive." (R. at 20). The ALJ found that Plaintiff's lack of treatment by a neurologist and lack of emergency room visits undermined her allegations about her migraine symptoms.

Plaintiff described the association between her migraines and other issues such as left eye transient blindness, facial numbness, and left arm weakness, requiring her to lay down in a dark room and use medication. (R. at 369). The ALJ acknowledged these symptoms but found the lack of "specific treatment" to undermine Plaintiff's claims about her migraines. The lack of emergency room visits and lack of "specific" treatment do not sufficiently explain why the ALJ included no limitations for Plaintiff's migraines. *See Dian A. W. v. Berryhill*, 2019 WL 1979670, at *2 (N.D. Ill. May 3, 2019) ("The ALJ failed to adequately explain why lack of urgent care/emergency room treatment for migraines diminishes the severity of Plaintiff's migraines in light of her documented medical history."). *See also Reinaas v. Saul*, 953 F.3d 461, 467 (7th Cir. 2020) (ALJ did not account for the possibility of connection between other medical issues and plaintiff's migraines); *Moore v. Colvin*, 743 F.3d

1118, 1123 (7th Cir. 2014) ("We have repeatedly held that although an ALJ does not need to discuss every piece of evidence in the record, the ALJ may not analyze only the evidence supporting her ultimate conclusion while ignoring the evidence that undermines it."). Accordingly the Court is unable to conclude from the ALJ's discussion of Plaintiff's migraines that the ALJ's RFC determination was supported by substantial evidence.

Finally, the ALJ did not credit Plaintiff's testimony about the limiting effects of her various symptoms. While acknowledging her good work history, this did not appear to factor in at all to the ALJ's evaluation of Plaintiff's subjective allegations.[8] "An ALJ is not statutorily required to consider a claimant's work history, but a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) (cleaned up); *see also Spicher*, 898 F.3d at 757 ("an ALJ may not ignore evidence that undercuts her conclusion.").

In sum, the Court cannot conclude that substantial evidence supports the ALJ's conclusions about Plaintiff's work-related limitations and her determination that Plaintiff can perform past work. Remand is warranted. The errors were not harmless because the Court cannot be sure that the result of the ALJ's finding as to Plaintiff's disability would have been the same if the ALJ had sufficiently evaluated the treating doctor's opinions, plaintiff's subjective allegations, and limitations caused by migraines. *See Rockwell v. Saul*, 781 F. App'x 532, 538 (7th Cir. 2019).

---

[8] The Commissioner does not dispute that Plaintiff's records show a consistent earnings history every year from age 16 until the date of alleged onset.

Plaintiff requests reversal of the ALJ decision. To the extent Plaintiff also seeks an award of benefits, both requests are denied. The Court does not believe this case meets the high standard for reversal and an award of benefits. *See Briscoe ex. re. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005) (reversal with an instruction to award benefits only appropriate if "all factual issues have been resolved and the record can yield but one supportable conclusion.") (citation omitted).

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment [16] is granted and the Commissioner's Motion [24] is denied. Pursuant to sentence four of 42 U.S.C. § 405, the ALJ's decision is reversed, and the case remanded to the Commissioner for further proceedings consistent with this opinion. Civil case terminated.

E N T E R:

Dated: October 18, 2021

MARY M. ROWLAND
United States District Judge